OPINION. Black, Judge: The sole question for determination is whether the accrual of payments to be made by du Pont to Paine Webber in 1948, pursuant to the percentage arrangement agreement for the sale of the branch office, constitutes deductible expenses under section 23 (a) (1) (A), Internal Revenue Code, or a capital expenditure. The question is essentially a factual one. We have concluded from all the facts that the payments in question were made essentially to purchase a going brokerage business. Petitioner contends that du Pont made the payments in question only (1) to acquire the immediate sendees of Paine Webber’s former employees in accordance with the Stock Exchange rule, (2) to retain friendly relations with Paine Webber, and (3) the understanding that Paine Webber would not open an office in Elmira during the term of the agreement. We cannot agree that the payments in question were made for such limited purposes. By “taking over our [Paine Webber] Elmira office” under the sale agreement, du Pont obtained a brokerage office which had been in operation for over 20 years. The sale included the good will of well established customers, a familiar location, a coordinated and working office and organization, tradition, habit, etc. When a going business entity is purchased as a unit, it frequently has an intangible value independent of the value of its separate component parts. That seems to be true in the instant case. The customers accustomed to dealing with the Elmira office might liave continued dealing with Paine Webber — but only through the New York City Office — or the two outside representatives who had unsuccessfully competed with the branch office when operated by Paine Webber. The great majority of the accounts of the branch office in fact transferred to the du Pont firm. The instant case is somewhat similar to Frank L. Newburger, Jr., 13 T. C. 232. In the Newburger case, among other things, we said: The petitioner and his associates acquired a going business to which they Wisre not theretofore entitled. The evidence does not show error on the part of the Commissioner. Cf. Home Trust Co. v. Commissioner, 65 Fed. (2d) 532; Newark Milk & Cream Co. v. Commissioner, 34 Fed. (2d) 854. Much the same can be said here as was said above in the Newburger case. We hold, therefore, that the payments in question were capital expenditures and not deductible under section 23 (a) (1) (A). Decision will be entered for the respondent.